NO. 07-10-00436-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JULY
27, 2011

 



 

IN THE INTEREST OF K.L.J., K.N.J. AND B.H.B., CHILDREN



 



 

 FROM THE 237TH DISTRICT COURT OF
LUBBOCK COUNTY;

 

NO. 2000-509,448; HONORABLE KEVIN HART, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

            Appellant,
H.P.B.,[1]
appeals the termination of his parental rights to his child, B.H.B.  We affirm the judgment of the trial court.

Background

The trial court’s order terminating
H.P.B.’s parental rights was entered on September 29, 2010.  The trial court found, by clear and
convincing evidence, that termination would be in the best interest of H.P.B.’s
child, B.H.B., because H.P.B. knowingly placed or allowed B.H.B. to remain in
conditions or surroundings which endangered the child’s physical or emotional
well-being, engaged in conduct or placed the child with persons that engaged in
conduct which endangered the child’s physical or emotional well-being, and
failed to comply with a court order.  See
Tex. Fam. Code Ann. § 161.001(1)(D), (E), (O) (West Supp. 2010).[2]  H.P.B.’s appointed trial counsel timely filed
a Motion for New Trial and Notice of Appeal with the trial court.[3]  H.P.B. filed an application for appointment
of counsel on appeal and affidavit of indigence on October 18.  According to the clerk’s record, the trial
court held a hearing on H.P.B.’s motion and application on October 19.  As a result of this hearing, the trial court
denied H.P.B.’s new trial motion, denied his claim for indigence, and deemed
his appeal not frivolous.  See §
263.405(d).  

Subsequent to the trial court’s
October 19 Order, H.P.B. filed a pro se Motion for New Trial and Notice of
Appeal on October 29, in which he raised additional issues he intends to
appeal.  However, this pro se motion and
notice was untimely filed.  See §
263.405(b).  As such, these additional
issues may not be considered by this Court. 
See In re J.O.A., 283 S.W.3d 336, 341 (Tex. 2009) (citing section
263.405(i) as barring an appellate court from
considering any issue not presented to the trial court in a timely filed
statement of points).  

            On
December 6, the trial court entered an order discharging H.P.B.’s trial counsel
from further representation of H.P.B.[4]  On December 16, this Court sent H.P.B. notice
that the reporter’s record had not yet been requested and directed H.P.B. to
request this record by December 28, or the Court may set a deadline for
H.P.B.’s brief in the absence of a reporter’s record.  See Tex.
R. App. P. 37.3(c)(1).  After receiving no response to our
correspondence, on January 7, 2011, we informed H.P.B. that his brief was due
by February 7.  H.P.B. filed three
different documents by this February 7 deadline.  None of these documents come close to
complying with the requirements of Texas Rule of Appellate Procedure 38.1;
however, this Court construed these documents to collectively constitute
H.P.B.’s appellate brief.  The Department
filed its brief in response on March 24. 
H.P.B. filed a document entitled a “Final Summary Brief” on May 3, that this Court construed to be a reply brief.  See Tex.
R. App. P. 38.3.

            In
H.P.B.’s four filings with this Court, he does not present any issues with the
trial court’s judgment.  See Tex. R. App. P. 38.3(f).  After reading each of H.P.B.’s filings with
this Court, he appears to challenge the trial court’s finding that H.P.B.
failed to comply with a court order, but he does not challenge either of the
other bases for termination of his parental rights or the finding that termination
would be in the best interest of B.H.B.  

Termination of H.P.B.’s Parental
Rights

            Liberally
construing H.P.B.’s appellate briefs, he appears to challenge the trial court’s
finding that he failed to comply with a court order.  However, the Order of Termination challenged
by H.P.B. also includes findings that H.P.B. knowingly placed or allowed B.H.B.
to remain in conditions or surroundings which endangered the child’s physical
or emotional well-being, and engaged in conduct or knowingly placed the child
with persons that engaged in conduct which endangered the child’s physical or
emotional well-being.  See §
161.001(1)(D), (E). 
Further, H.P.B. does not challenge the trial court’s finding that
termination of H.P.B.’s parental rights is in the best interest of B.H.B.  See § 161.001(2).

            A
parent's rights to "the companionship, care, custody, and management"
of his or her children are constitutional interests "far more precious
than any property right."  Santosky
v. Kramer, 455 U.S. 745, 758-59, 102 S.Ct. 1388,
71 L.Ed.2d 599 (1982).  In a
termination case, the State seeks to end parental rights permanently--to divest
the parent and child of all legal rights, privileges, duties, and powers
normally existing between them, except for the child's right to inherit.  § 161.206(b) (West 2008).  While parental rights are of constitutional
magnitude, they are not absolute.  In re C.H., 89 S.W.3d 17, 26 (Tex. 2002).  Just as it is imperative for courts to
recognize the constitutional underpinnings of the parent-child relationship, it
is also essential that emotional and physical interests of the child not be
sacrificed merely to preserve that right. 
Id.

In proceedings to terminate the
parent-child relationship brought under section 161.001, the Department must
establish one or more of the acts or omissions enumerated under subsection (1)
of the statute, and must also prove that termination is in the best interest of
the child.  § 161.001; Texas Dep't of
Human Servs. v. Boyd, 727
S.W.2d 531, 533, (Tex. 1987). 
While the evidence must establish a violation of subsection (1) and that
termination is in the best interest of the child, only one finding alleged
under subsection (1) is necessary to support a judgment of termination.  In re A.V., 113 S.W.3d 355, 362 (Tex.
2003); In re R.W., 129 S.W.3d 732, 744 (Tex.App.—Fort
Worth 2004, pet. denied).  

An appeal of a termination order is
limited to the issues presented in the timely filed statement of points.  See § 263.405(i);
see also Pool v. Texas Dep't of Family & Protective Servs., 227 S.W.3d
212, 215 (Tex. App.--Houston [1st Dist.] 2007, no pet.).  To satisfy the requirements of section
263.405(i), a statement of points must be
"sufficiently specific" to allow the trial court to correct any
erroneous findings on the challenged grounds. 
In re J.J.C., 302 S.W.3d 436, 444 (Tex.
App.--Houston [14th Dist.] 2009, pet. denied).  If the statement of points on appeal does not
specifically challenge the sufficiency of the evidence supporting the statutory
grounds for termination, those issues are not preserved for appellate
review.  Id.

In the present case, H.P.B.’s timely
filed statement of points indicate his intent to appeal the Department’s
alleged denial of psychological assistance as well as the legal and factual
sufficiency of the evidence “to support the judgment of the Court.”  Nothing in this statement of points
specifically challenges the trial court’s findings that H.P.B. violated section
161.001(1)(D) and (E) nor that termination would be in the best interest of
B.H.B.  As such, those issues are not
preserved for appellate review.[5]  Id.

Conclusion

            For
the foregoing reasons, we affirm the trial court’s Order of Termination.

 

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 











[1] In accordance with
Texas Rule of Appellate Procedure 9.8(b)(2), appellant
and his child will be identified by their initials to protect the minor child’s
identity.  See Tex. R. App. P. 9.8(b)(2).

 





[2] Further reference to
provisions of the Texas Family Code will be by reference to “section ___” or “§
___.”

 





[3] Under Texas Family
Code section 263.405(b), an appeal of a final order terminating a parent’s
rights to a child in a suit brought by the Texas Department of Protective and
Regulatory Services (hereafter “Department”) must include a statement of points
on which the party intends to appeal.  See
§ 263.405(b)(2) (West 2008).  The statement of points must be filed within
15 days after the date the final order is signed by the trial court.  See § 263.405(b).  The required statement may be combined with a
motion for new trial.  §
263.405(b-1).  In this case, H.P.B.’s
Motion for New Trial indicates his intent to appeal the Department’s alleged
denial of psychological assistance to H.P.B as well as the legal and factual
sufficiency of the evidence to support the termination.  We construe these issues to have been a timely
filed statement of points.  See In
re T.J.H., No. 13-06-00407-CV, 2009 Tex.App.
LEXIS 6688, at *15-*16 (Tex.App.—Corpus Christi Aug.
26, 2009, pet. denied) (mem. op.).  

 





[4]
H.P.B.
requested this Court appoint him appellate counsel, and supported that request
with an affidavit of inability to pay costs. 
However, this request was submitted after the trial court held a hearing
on H.P.B.’s claim of indigence and denied his claim.  H.P.B. was entitled to appeal the trial
court’s denial of his claim of indigence in accordance with Texas Family Code
section 263.405(g).  See §
263.405(g).  However, nothing in H.P.B.’s
request for appointment of counsel challenged the trial court’s indigency determination. 
Further, because no records from the October 19, 2010 hearing on
H.P.B.’s motion for new trial are part of the appellate record, we are unable
to review this ruling of the trial court.





[5] No reporter’s record
was filed in this cause due to H.P.B.’s failure to request same, and, after
notice and a reasonable opportunity to cure was given H.P.B. by this Court,
this Court chose to consider and decide those points that do not require a
reporter’s record.  See Tex. R. App. P. 37.3(c)(1).  Thus, even were
we to assume that H.P.B.’s statement of points challenging the sufficiency of
the evidence to support the trial court’s termination was sufficiently specific
to preserve a challenge to the sufficiency of the evidence, in the absence of a
reporter’s record, this Court must assume the sufficiency of the evidence
supporting the judgment.  See Hebisen v. Clear Creek Indep.
Sch. Dist., 217 S.W.3d 527, 536 (Tex.App.—Houston [14th
Dist.] 2006, no pet.).